IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELLA WEESE GEORGE,                   :
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :     CIVIL ACTION 11-0294-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,:
                                     :
     Defendant.                      :


<u>MEMORANDUM OPINION AND ORDER</u>


In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 9).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17).  Oral argument was waived in this action (Doc. 16).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was forty-nine years old, had completed a high school education (Tr. 118), and had previous work experience as a home care housekeeper and a laborer (Tr. 120). In claiming benefits, Plaintiff alleges disability due to osteoarthritis, scoliosis, and hyperthyroidism (Doc. 13).

The Plaintiff filed an application for SSI on July 23, 2007 (Tr. 103-05). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that George had the ability to perform medium, unskilled work (Tr. 11-20). Plaintiff requested review of the hearing decision by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not

supported by substantial evidence.  Specifically, George alleges
that:  (1) The ALJ did not properly assess her residual
functional capacity; (2) the ALJ should not have mechanically
applied the GRIDS in reaching his decision; and (3) the ALJ did
not develop a full and fair record (Doc. 9).  Defendant has
responded to—and denies—these claims (Doc. 10).  The relevant
evidence of record follows.

On February 14, 2005, Dr. Vereen Farrar, with the
Monroeville Medical Clinic, reported that George was complaining
of left shoulder pain, which she had been experiencing for a
while, along with other various ills (Tr. 160-62).  The doctor
noted that she was in no acute distress though there was some
mild pain in her shoulders with range of motion (hereinafter
*ROM*).

Plaintiff was seen at Barnes Family Medical Associates once
a month between August and November 2005 (Tr. 163-68).  On the
first visit, George complained of left shoulder and back pain,
dating to a 1998 car accident; Plaintiff was noted to have a
slightly enlarged thyroid (Tr. 163).  George had back pain,
though not severe, on straight leg raise on the left; there was
good ROM in the knees.  Plaintiff was instructed to take
Ibuprofen for her pain.  On November 11, Dr. Stanley Barnes

noted that George had brought in chiropractic x-rays
demonstrating some arthritis and scoliosis of the cervical
spine; he noted that "[h]er extremities, neurologic and skin
examinations [were] normal except for arthritis" (Tr. 166).  The
doctor gave her samples of Naprosyn.[1]  Barnes saw Plaintiff next
a year later, on November 29, 2006, and noted that her
"[e]xtremities show evidence of nonspecific arthralgias" for
which he gave her some Darvocet;[2] he noted that he would see her
again in three-to-four months (Tr. 166).

On October 29, 2007, Dr. Thomas Lane noted osteoarthritic
changes in both hands; there was no edema in the extremities
(Tr. 171).

On November 13, 2007, Dr. Barnes performed an examination
in which he noted that George's neck was supple with no ROM
limitation (Tr. 173-74).  There were no ROM limitations in her
shoulders, elbows, wrists, or hands; strength was 5/5 throughout
her upper extremities.  There was no ROM limitation in
Plaintiff's spine, hips, knees, or ankles with 5/5 strength

[1]*Naprosyn*, or *Naproxyn*, "is a nonsteroidal anti-inflammatory drug
with analgesic and antipyretic properties" used, *inter alia*, for the
relief of mild to moderate pain.  *Physician's Desk Reference* 2458 (52nd
ed. 1998).
[2]Propoxyphene napsylate, more commonly known as Darvocet, is a
class four narcotic used "for the relief of mild to moderate pain" and
commonly causes dizziness and sedation.  *Physician's Desk Reference*
1443-44 (52nd ed. 1998).

4

throughout; there were no neurologic deficits and motor and
sensory were intact.  Dr. Barnes stated that George had had "a
perfectly normal physical examination and [he saw] no reason why
she cannot work" (Tr. 174).  Though Plaintiff was noted to have
arthritis, it was not "diagnostically significant" (*id.*).

On June 5, 2008, Dr. Lane noted that George complained of
"a lot of discomfort in the lower back, difficulty bending,
twisting, turning, and cannot sit for long periods of time;" the
doctor stated:  "[n]o heavy lifting, twisting, or turning
allowed" (Tr. 176).  Lane diagnosed Plaintiff to have
hyperthyroidism, severe osteoarthritis, and severe scoliosis,
stating that George was "unable to work at this time.  Agree
with her application for disability secondary to her back
deformity" (Tr. 176).  On March 19, 2009, George complained of
shortness of breach with exertion; he noted that her
hypothyroidism was under continued questionable control.  Dr.
Lane prescribed Mobic[3] (Tr. 181).  On March 30, 2009, the doctor
noted a large, infected sebaceous cyst on George's right
shoulder for which he prescribed Keflex[4] (Tr. 178).  On September
15, 2009, Dr. Lane noted that Plaintiff had a left eye stye;

---

[3]*Mobic* is a nonsteroidal anti-inflammatory drug used for the
relief of signs and symptoms of osteoarthritis and rheumatoid
arthritis.  *Physician's Desk Reference* 855-57 (62nd ed. 2008).

noting a diagnosis of hypothyroidism, osteoarthritis, scoliosis, and anemia, he said that he would recheck her in six months (Tr. 189).

In reaching his decision, the ALJ summarized the medical evidence before finding that Plaintiff's statements of limitations and the intensity of her pain were not credible (Tr. 15-16).[5]  The ALJ also discounted the opinions of Dr. Lane as unsupported by the other evidence of record (Tr. 16).[6]  The ALJ gave significant weight to the opinions and conclusions of Dr. Barnes (Tr. 17).  The ALJ went on to find that George was likely capable of performing her past work as a housekeeper, but determined that she could perform a full range of medium level work[7] except that she would be restricted from climbing ladders, ropes, and scaffolds (Tr. 18-19).

Plaintiff first claims that the ALJ did not properly assess her residual functional capacity.  More specifically, George complains that there are no physical assessment in the record by any physicians (Doc. 9, p. 4).  The Court notes that the ALJ is

---

[4]*Keflex* is used for the treatment of various infections. *Physician's Desk Reference* 854-56 (52nd ed. 1998).
[5]The Court notes that Plaintiff has not challenged this decision.
[6]The Court notes that Plaintiff has not challenged this decision.
[7]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."  20 C.F.R. § 404.1567(c) (2011).

responsible for determining a claimant's RFC.  20 C.F.R. §
404.1546 (2011).

The Court notes that although no examining physician
completed a form indicating that Plaintiff could sit, stand, and
walk for certain periods of time or that she was capable of
lifting and carrying a certain amount of weight, Dr. Barnes,
George's treating physician at one time, indicated that she was
capable of working.  She had full strength and ROM in all
extremities and had no neurological deficits and sensory and
motor were intact.  While a physician's opinion as to
Plaintiff's specific abilities would have been beneficial, the
Court cannot say that the ALJ erred, in this instance, in not
having one in reaching his RFC determination.

George next claims that the ALJ should not have
mechanically applied the GRIDS in reaching his decision.
Plaintiff more specifically challenges this finding, asserting
that her chronic pain, as a nonexertional impairment, required
that the ALJ call a vocational expert (hereinafter *VE*) to
testify as to what work she could do (Doc. 9, pp. 6-9).

The Court notes that nonexertional impairments are
limitations one suffers that can not be measured in terms of
strength.  20 C.F.R. § 404.1569a(a) (2011).  When nonexertional

7

factors, such as pain or the effects of medications, are alleged, "the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986), *citing Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981).

The Court notes, however, that Dr. Barnes's report belies Plaintiff's assertion.  Furthermore, the Court finds that the ALJ used variables properly accounting for George's limitations in determining that Rule 203.28[8] directed a finding of non-disability (Tr. 19).  *See McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir. 1988) (*citing Gibson v. Heckler*, 762 F.2d 1516, 1521 (11th Cir. 1985)).  The Grid recognizes that the coincidence of all variables comprising a particular rule establishes the existence of jobs which the claimant can perform.  20 C.F.R. Part 404, Subpart P, Appendix 2, Listing 200.00(b) (2011).  This claim is of no merit.

Plaintiff's final claim is that the ALJ did not develop a full and fair record.  More specifically, George asserts that the ALJ should have sent her to a consultative physician who

---

[8]Rule 203.28 contemplates a young claimant with a high school education who is unskilled who can perform a full range of medium work.

should have examined her for the purpose of completing a physical capacities evaluation (Doc. 9, pp. 9-11).  The Court notes that the Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court finds this claim to be of no merit.  As noted earlier, though the specific opinion of a physician as to the particular abilities Plaintiff possesses would have been beneficial, it was not required in this instance.  The evidence in this file is sparse, at best.  Dr. Barnes provided a thorough examination and gave his opinion that George was capable of working.  Plaintiff's and Dr. Lane's opinions were in conflict with Dr. Barnes's conclusions, but the ALJ discounted them as unsupported by the evidence, findings not challenged in this action.  George's claim that the ALJ did not properly develop the record is without merit.

Plaintiff has raised three different claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is

**ORDERED** that the Secretary's decision be **AFFIRMED**, *see* *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED.**  Judgment will be entered by separate Order.

DONE this 22nd day of December, 2011.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE